IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HEATHER IDEUS, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-cv-132 |
| DEERE & COMPANY and ROBSTOWN HARDWARE COMPANY, | § § § § | |
| DEFENDANTS. | § § | |

## DEFENDANTS DEERE & COMPANY'S AND ROBSTOWN HARDWARE COMPANY'S JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Deere & Company ("Deere") and Robstown Hardware Company ("Robstown") file this Joint Notice of Removal, and hereby remove the above-titled lawsuit from the 229th Judicial District Court of Duval County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division. In support of this removal, Deere respectfully offers this Court the following facts, arguments, and legal authorities:

### COMPLIANCE WITH 28 U.S.C. § 1446(a) AND LOCAL RULE 81

1. Pursuant to 28 U.S.C. § 1446(a) and LR81, Defendants include the following index of matters being filed with this Notice of Removal:

   **Exhibit 1:**   The state court docket sheet

   **Exhibit 2:**   Plaintiffs' Original Petition ("Petition") (7/28/21)

| | |
|---|---|
| **Exhibit 3:** | Returns of Service: Hott and Beatty (served 8/17/21) |
| **Exhibit 4:** | Hott's and Beatty's Original Answer (8/18/21) |
| **Exhibit 5:** | Plaintiffs' First Amended Petition (9/2/21) |
| **Exhibit 6:** | Returns of Service: Robstown, Deere, & King Ranch (served 9/13/21) |
| **Exhibit 7:** | Plaintiffs' Second Amended Petition (9/16/21) |
| **Exhibit 8:** | Return of Service: GEICO (served 9/23/21) |
| **Exhibit 9:** | GEICO's Original Answer (9/28/21) |
| **Exhibit 10:** | Deere's Motion to Transfer Venue and, Subject Thereto, Answer to Plaintiffs' Second Amended Petition (10/15/21) |
| **Exhibit 11:** | King Ranch's Motion to Transfer Venue, Original Answer, and Jury Demand (10/18/21) |
| **Exhibit 12:** | Robstown's Motion to Transfer Venue and, Subject Thereto, Answer to Plaintiffs' Second Amended Petition (10/29/21) |
| **Exhibit 13:** | Plaintiffs' Notice of Nonsuit with Prejudice as to Defendants Hott and Beatty (11/30/21) |
| **Exhibit 14:** | Order Granting Nonsuit with Prejudice as to Defendants Hott and Beatty (12/15/21) |
| **Exhibit 15:** | Plaintiffs' Third Amended Petition (12/23/21) |
| **Exhibit 16:** | Order Granting PHV Admission of Niels P. Murphy (12/27/21) |
| **Exhibit 17:** | Order Granting PHV Admission of Christen E. Luikart (12/27/21) |
| **Exhibit 18:** | Order Denying All Defendants' Motions to Transfer Venue (1/10/22) |

| | |
|---|---|
| **Exhibit 19:** | Plaintiffs' Nonsuit without Prejudice as to Defendant King Ranch, Inc., Only (1/19/22) |
| **Exhibit 20:** | Plaintiffs' Fourth Amended Petition (1/20/22) |
| **Exhibit 21:** | Order Granting Defendant Robstown's Unopposed Motion to Substitute Counsel (2/22/22) |
| **Exhibit 22:** | Notice of Nonsuit without Prejudice as to Plaintiff Arlen Ideus' Claims (3/16/22) |
| **Exhibit 23:** | Order Granting Nonsuit without Prejudice as to Plaintiff Arlen Ideus' Claims (3/28/22) |
| **Exhibit 24:** | Plaintiff's Notice of Nonsuit with Prejudice as to GEICO (5/18/22) |
| **Exhibit 25:** | Order Granting Nonsuit with Prejudice as to GEICO (5/24/22) |
| **Exhibit 26:** | A list of all counsel of record, including addresses, telephone numbers and parties represented |

## THE PARTIES

2. Plaintiff is a Texas citizen, and no properly joined defendant is a Texas citizen. Complete diversity of citizenship has existed since the time Plaintiff filed her notice of nonsuit with prejudice of claims against GEICO on May 18, 2022 until now.

**A. Plaintiff**

3. Plaintiff is a Texas citizen residing in Portland, San Patricio County, Texas.

**B. Defendants**

4. Defendant Deere is a Delaware corporation with its principal place of business in Illinois. *See* 28 U.S.C. § 1332(c)(1).

5.      Defendant Robstown is a Delaware corporation with its principal place of business in Texas. *See* 28 U.S.C. § 1332(c)(1). An analysis of the citizenship of Robstown is unnecessary because Plaintiff improperly joined Robstown to the lawsuit. *See* "Improper Joinder of Non-Diverse Defendant" section below.

## STATE COURT ACTION

6.      Defendants remove the state court action styled *Heather J. Ideus v. Deere & Company and Robstown Hardware Company*, Cause No. DC-21-175, in the 229th Judicial District Court of Duval County, Texas. Against Deere, Plaintiff alleges claims for strict product liability (design and marketing defect), negligence, and gross negligence related to alleged defects in a 2019 825M XUV A4 Gator Transport bearing product identification number (PIN) 1M0825MBCKM021484 ("Gator"). Ex. 20, Fourth Amended Petition ("Petition") at 3-4. Against improperly joined Defendant Robstown, Plaintiffs plead negligence and gross negligence. *Id.* at 4-5.

7.      Plaintiff alleges that Deere is the manufacturer ("the maker") of the Gator. *Id.* at 3. Plaintiff does not claim Robstown played any role in manufacturing or designing the Gator. Instead, Plaintiff alleges that Robstown is the "dealer who sold" the Gator and was "independently negligent by not telling [the Gator owner] that doors were an option." *Id.* at 4. Plaintiff also alleges Robstown did not "install decals showing doors were required . . . ."

8.      The following timeline outlines when parties were joined to (and dismissed from) this case:

4818395                                                      4

a. 07/28/2021: Plaintiff and her husband (Arlen Ideus) filed this lawsuit against the Gator owner (Joseph Beatty) and operator (Bridgette Hott). Ex. 2, Original Petition.

b. 09/02/2021: Plaintiffs joined Deere, Robstown, and King Ranch, Inc. ("King Ranch") to the lawsuit. Ex. 5, First Amended Petition.

c. 09/16/2021: Plaintiffs joined GEICO County Mutual Insurance Company ("GEICO") to the lawsuit. Ex. 7, Second Amended Petition.

d. 12/15/2021: Plaintiffs dismissed with prejudice both Beatty and Hott. Ex. 14, Order Granting Nonsuit with Prejudice.

e. 01/19/2022: Plaintiffs filed a notice of nonsuit of their claims against King Ranch. Ex. 19, Notice of Nonsuit.

f. 01/20/2022: Plaintiffs omitted King Ranch from their current, fourth amended petition. Ex. 20, Petition.

g. 03/28/2022: Arlen Ideus dismissed without prejudice all his claims against all parties. Ex. 23, Order Granting Nonsuit with Prejudice.

h. 05/18/2022: Plaintiff Heather Ideus dismissed with prejudice all her claims against GEICO. Exs. 24, 25.

9. As of the date of this removal, only Plaintiff Heather Ideus, Defendant Deere, and Defendant Robstown remain in the case.

## REMOVAL PURSUANT TO DIVERSITY OF CITIZENSHIP

10. Defendants remove this action pursuant to 28 U.S.C. § 1441(a). This Court has jurisdiction based on 28 U.S.C. § 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**A.   Amount in Controversy**

11. "Pursuant to TRCP 47(4) Plaintiffs seek monetary relief over $1,000,000.00 . . . ." Ex. 20, Petition at 6.

## B. Diversity of Citizenship

12. Plaintiff is a Texas citizen. No properly joined defendant is a Texas citizen. For diversity jurisdiction purposes, Deere, the only properly joined defendant,[1] is not a Texas citizen—it is a Delaware corporation with its principal place of business in Illinois. Given the complete diversity of citizenship, this Court has jurisdiction under 28 U.S.C. § 1332(a)(1), and removal is proper under 28 U.S.C. § 1441(a).

## IMPROPER JOINDER OF ROBSTOWN, A NON-DIVERSE, NON-MANUFACTURING SELLER

## A. Legal standards governing improper joinder of in-state defendant Robstown.

13. To establish improper joinder, a removing party must demonstrate either (a) actual fraud in the pleading of jurisdictional facts or (b) plaintiff's inability to establish a cause of action against the non-diverse defendants in state court. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003). In this case, Defendants remove based on the second test: Plaintiff cannot establish a cause of action against Robstown, the non-diverse defendant.

14. In applying the second test, the Court may conduct a Rule 12(b)(6)-type analysis, looking solely at the allegations in plaintiff's state court petition. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). For purposes of an improper joinder analysis, the *Twombly* plausibility pleading standard (rather than the lower, Texas state "fair notice" pleading standard) applies. *Int'l Energy Ventures Mgmt. L.L.C. v. United*

---

[1] In referring to Deere as a "properly joined defendant," Deere does not admit any of Plaintiff's liability allegations. To the contrary, Deere expressly denies all liability allegations Plaintiff has asserted against Deere in this lawsuit. Deere only uses the term "properly joined defendants" because it is the specific term of art the Fifth Circuit uses in the removal/improper joinder context.

*Energy Grp. Ltd.*, 818 F.3d 193, 200-02 (5th Cir. 2016); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

15. The removing party need not demonstrate an absence of any possibility of recovery in state court; it must demonstrate only that there is no reasonable basis for predicting the plaintiff will recover in state court. *Gray v. Beverly Enterprises-Mississippi, Inc.,* 390 F.3d 400, 405 (5th Cir. 2004). In other words, "there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (emphasis in original). When deciding whether the plaintiff has a reasonable basis for recovery on at least one claim under state law, the district court is limited to the causes of action and allegations asserted in the state court petition. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir. 1999). If the allegations against a non-diverse defendant in the petition could not survive a Rule 12(b)(6) challenge, there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the non-diverse defendant. *Davidson v. Georgia-Pacific, L.L.C.,* 819 F.3d 758, 765 (5th Cir. 2016).

**B. Plaintiff cannot establish a cause of action against Robstown as a nonmanufacturing seller.**

16. Plaintiff's lawsuit is a "products liability action" under the Texas Product Liability Act and the nonmanufacturing seller statute applies. *See* Tex. Civ. Prac. & Rem. Code § 82.003(a). The TPLA applies broadly to "any action against a . . . seller for recovery of damages arising out of personal injury . . . allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability,

**negligence**, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." Tex. Civ. Prac. & Rem. Code § 82.001(2) (emphasis added). Plaintiff pleads that Robstown is "the dealer who sold" the allegedly defective Gator and that Deere designed and manufactured it. *See* Ex. 20, Petition at 3-4. Robstown qualifies as a "nonmanufacturing seller," and under the TPLA Robstown is exempt from liability on Plaintiff's negligence and gross negligence claims against it. *Cf.* Ex. 20, Petition at 4-5.

17.     Nonmanufacturing sellers like Robstown are generally immune from liability unless Plaintiff pleads one of the seven explicitly codified exceptions. "[S]ection 82.003(a) is . . . a **gatekeeper** for Plaintiffs to bring a claim" against Robstown. *Gonzalez v. Reed-Joseph Int'l Co.*, No. 4:11-cv-01094, 2013 WL 1578475, at *4 (S.D. Tex. Apr. 11, 2013) (emphasis added). To prevent removal, Plaintiff must have plead specific facts sufficient to invoke one of the seven exceptions. *Gonzalez v. Estes, Inc.*, No. SA-10-CA-0038-XR, 2010 WL 610778, at *5 (W.D. Tex. Feb. 19, 2010). *See also Diamond H. Recognition LP v. King of Fans, Inc.*, 589 F. Supp. 2d 772, 776 (N.D. Tex. 2008) (Section 82.003 "is a defensive device that provides a general rule of no liability unless plaintiff can prove facts invoking an exception to the rule."). Courts assessing pleadings in the improper joinder context routinely hold a plaintiff who fails to allege an 82.003(a) exception has no possibility to recover in state court against the nonmanufacturing seller. *See, e.g., Sanders v. Husqvarna, Inc.*, No. 3-12-258, 2012 WL 5210682, at *2 (S.D. Tex. Oct. 22, 2012) ("whether [non-diverse, nonmanufacturing defendant] Conn's is a proper party therefore turns on whether Plaintiffs have successfully pleaded one of these seven exceptions"); *State Farm Lloyds v. Polaris Indus., Inc.*, No. 6-12-19, 2012 WL 5210682, at *2 (S.D. Tex. Sept.

11, 2012) (plaintiff failed to state a viable negligence claim because petition alleged none of the exceptions); *Garcia v. Nissan Motor Co.*, No. M-05-59, 2006 WL 869944, at *4, 6 (S.D. Tex. Mar. 30, 2006) (local auto dealership improperly joined because plaintiff could not establish a section 82.003 exception).

18.  Plaintiff has not pleaded one of the seven explicitly codified exceptions of the TPLA.  As a nonmanufacturing seller, Robstown is therefore immune under Texas law and improperly joined.

## PROCEDURAL REQUIREMENTS OF REMOVAL

**A.  Timeliness**

19.  This case was not initially removable because Hott, Beatty, and others were in-state defendants.  The case, however, subsequently became removable on May 18, 2022, when Plaintiff filed her "other paper": a notice of nonsuit with prejudice of her claims against GEICO, the only remaining, non-diverse, properly joined defendant. Ex. 24; *cf. Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (nonsuit extinguishes a case the moment it is filed).  Therefore, Defendants now timely file this Notice of Removal within 30 days of receiving a copy of the notice of nonsuit.  *Cf.* 28 U.S.C. § 1446(b)(3); *see also Biggs v. Cajun Operating Co.*, No. 3:10-CV-01847-M, 2011 WL 196096, at *2 & n.3 (N.D. Tex. Jan. 19, 2011) (nonsuit is other paper).

20.  Additionally, this case is being removed within one year of the commencement of the action, as required under 28 U.S.C. § 1446(c)(1).

**B.     Venue**

21.     Plaintiffs brought this action in the 229th Judicial District Court of Duval County, Texas—located within the Southern District of Texas, Corpus Christi Division. 28 U.S.C. § 124(b)(6).  Accordingly, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

**C.     Compliance with Notice Requirements**

22.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of the filing of this Notice to Plaintiffs, as well as promptly file a copy of the Notice of Removal with the clerk for the 229th Judicial District Court of Duval County, Texas.

**D.     Filing Fee**

23.     A filing fee of $402 has been tendered to the Clerk of the United States District Court for the Southern District of Texas, Corpus Christi Division.

**E.     Consent to Removal**

24.     The consent requirement only applies to "properly joined and served defendants."  28 U.S.C. § 1446(b)(2)(A); *see also Rico v. Flores*, 481 F3d 234, 239 (5th Cir. 2007) (consent of an improperly-joined defendant is not required); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("application of this [consent] requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").  Although Robstown need not consent because it is improperly joined, both Deere and Robstown join in this removal.

**F.     Other Filings**

25.     Pursuant to Local Rule 3, Defendants attach a civil action cover sheet (JS44c).

26.     Pursuant to Federal Rule of Civil Procedure 7.1, Deere has prepared and will file separately a corporate disclosure statement.

**G.     Jury Demand**

27.     Plaintiff previously demanded a jury trial in state court, Ex. 2, Original Petition at 4, and Defendants demand a jury trial herein.  *Cf.* Fed. R. Civ. P. 81(c)(3)(A), (B)(i).

**H.     Request for Leave to Amend**

28.     In the event this Court subsequently identifies a defect in this Notice of Removal, Defendants respectfully request the Court grant leave to amend this Notice and cure the defect.  *See, e.g., Silva v. Degs Wind I, LLC*, No. CV 1:13-247, 2015 WL 12743775, at *2-3 (S.D. Tex. Jan. 29, 2015); *Bailon v. Landstar Ranger, Inc.*, 3:16-CV-1022-L, 2016 WL 6565950, at *4 (N.D. Tex. Nov. 3, 2016) (citing *In re Allstate Ins. Co.*, 8 F.3d 219, 221 & n.4 (5th Cir. 1993)) (procedural defects may be cured by the filing of an amended notice of removal); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11-1247, 2011 WL 4499589, at *7 (W.D. La. Sept. 23, 2011) (explaining "defendants may freely amend the notice of removal required by section 1446(b).").

## CONCLUSION

Based on the foregoing, Defendants remove this case to this Court. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. § 1446(a).

        Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

        */s/ Ben Zinnecker*
        Chris A. Blackerby
        State Bar No. 00787091
        S.D. No. 20016
        cblackerby@germer-austin.com
        Ben T. Zinnecker
        State Bar No. 24066504
        S.D. No. 1269224
        bzinnecker@germer-austin.com
        GERMER BEAMAN & BROWN PLLC
        One Barton Skyway
        1501 South Mopac Expy, Suite A400
        Austin, Texas 78746
        (512) 472-0288 Telephone
        (512) 472-0721 Facsimile

-and-

Niels P. Murphy
Florida Bar No. 0065552 *(PHV forthcoming)*
nmurphy@murphyandersonlaw.com
scassidy@murphyandersonlaw.com
Christen E. Luikart
Florida Bar No. 0021841 *(PHV forthcoming)*
cluikart@murphyandersonlaw.com
jbunnell@murphyandersonlaw.com
lcarr@murphyandersonlaw.com
MURPHY & ANDERSON, P.A.
1501 San Marco Boulevard
Jacksonville, Florida 32207
(904) 598-9282 (phone)
(904) 598-9283 (fax)

*Counsel for Defendants Deere & Company and Robstown Hardware Company*

## CERTIFICATE OF SERVICE

This instrument was served on the following counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure on June 16, 2022:

William J. Tinning
Law Office of William J. Tinning, PC
720 W. Broadway Ave.
Portland, Texas 78374
eservice@tinninglaw.com
and
J. Michael Guerra
Law Office of J. Michael Guerra
P.O. Box 1968
Alice, Texas 78333
Jmguerra67@yahoo.com
and
Charles L. Barrera
The Law Office of Charles L. Barrera
700 E. Second St.
Alice, Texas  78332
barreralawfirm@aol.com
*Attorneys for Plaintiffs*

            */s/ Ben Zinnecker*
            Chris A. Blackerby/Ben Zinnecker